UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HANI ABU GHARBIEH,

       Plaintiff,

                                            Civil No. 06-13869
                                            Hon. John Feikens

       v.

MICHAEL CHERTOFF, Secretary, Department of
Homeland Security, and EMILIO GONZALEZ,
Director, U.S. Citizenship and Immigration Services,

       Defendants.
_____/

**OPINION AND ORDER REMANDING CASE TO CITIZENSHIP AND IMMIGRATION
SERVICES FOR PROMPT DECISION**

Plaintiff Hani Abu Gharbieh, a non-citizen, lawful, permanent resident of the United

States, petitions this Court to grant his naturalization application, or in the alternative to issue a

writ of mandamus to Defendants Michael Chertoff, Secretary of the Department of Homeland

Security (DHS), and Emilio Gonzalez, Director of United States Citizenship and Immigration

Services (CIS) to immediately complete processing his application.  Defendants have moved to

dismiss this case for lack of subject matter jurisdiction, or in the alternative to remand to CIS to

decide his application.  I forego oral argument because I find it would not substantially assist me

in deciding this issue.  See E.D. Mich. L.R. 7.1(e)(2).  I hereby DENY Defendants' motion to

dismiss for lack of subject matter jurisdiction and REMAND this proceeding to CIS with

instructions to make a final decision on Plaintiff's application forthwith.

# I.    FACTUAL BACKGROUND[1]

Plaintiff became a permanent resident of the United States on April 5, 1992.  (Compl. ¶ 5.)  In 1997, he became eligible to apply for naturalization and subsequently did apply at Defendants' Detroit offices.  (Compl. ¶ 6.)  On October 21, 2002, Plaintiff was interviewed by an immigration officer pursuant to his application for naturalization.  (Compl. ¶ 7 & Ex. 1.)  As of the date of his Complaint, Plaintiff has waited almost four years since the time of his interview for a decision on his naturalization application.  Defendants assert the mandatory FBI background check is not yet complete, and that they are waiting for its completion before making a decision on Plaintiff's application.[2]  (Def'ts Mot. to Dismiss 3.)

Plaintiff seeks two forms of relief from this Court.  Foremost, Plaintiff seeks this Court to review his naturalization application pursuant to 8 U.S.C. § 1447(b) and approve it.  In the alternative, Plaintiff seeks an Order of Mandamus from this Court ordering the Defendants to immediately complete processing his application.

---

[1]There is some discrepancy between the dates alleged by Plaintiff in the Complaint and those asserted by Defendants in their motion to dismiss.  For example, Defendants claim that Plaintiff filed his naturalization application December 18, 1998 in Nebraska and was interviewed in Detroit on February 4, 2003.  (Def'ts Mot. to Dismiss 3.)  Since the motion before me is a facial attack on the Complaint alleging lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), all facts alleged in the Complaint must be assumed to be true.  United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).  Further, this discrepancy in the dates is immaterial because the dates alleged by both parties show that the interview took place well over 120 days before this Complaint was filed.

[2]Congress has mandated that the FBI complete a background check on a naturalization applicant before CIS makes a decision on an application.  See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. 105-119, Title I, Nov. 26, 1997, 111 Stat. 248 cited in Historical and Statutory Notes to 8 U.S.C. § 1446.

## II.    ANALYSIS[3]

### A.    This Court has Jurisdiction to Hear this Petition

I find I have jurisdiction to hear this case.  Federal courts have jurisdiction to decide

naturalization petitions if CIS does not do so within 120 days of "the date on which the

examination was conducted."  8 U.S.C. § 1447(b).  The crux of the jurisdictional issue is the

meaning of "the examination" in this statute.  Defendants argue that "the examination" is the

entire process by which CIS considers the naturalization application, and therefore the 120 day

period for Plaintiff has not yet begun to run.  (Def'ts Mot. to Dismiss 4-17.)  Plaintiff argues that

"the examination" is synonymous with the interview conducted no later than February of 2003,

and therefore the 120 day period has expired.  (Pl. Resp. Br. 4.)  For the reasons given in my

opinion in Issa, I find that the statutory language, the regulations promulgated from the statute,

and the available legislative history all support Plaintiff's interpretation.  Therefore, I DENY

Defendants' motion to dismiss Plaintiff's claim for lack of subject matter jurisdiction.

### B.    Remand is the Most Appropriate Remedy

I hereby REMAND this case to CIS to make a decision on Plaintiff's application

forthwith upon receipt of the mandatory background check.  Once a federal court has jurisdiction

over a naturalization application, it "may either [(1)] determine the matter or [(2)] remand the

matter, with appropriate instructions, to the Service to determine the matter."  8 U.S.C.

§ 1447(b).  The vast majority of courts have chosen to remand the case to CIS for decision.  See,

e.g., Khelifa v. Chertoff, 433 F. Supp.2d 836, 842-45 (E.D. Mich. 2006) (Rosen, J.); El Daour v.

---

[3]For a more thorough analysis of this statute and the appropriate remedy for situations
such as this one, please see this Court's opinion in Issa v. Mueller, __ F. Supp.2d __, No. 06-
15683, 2007 WL 1454742 (E.D. Mich. Apr. 27, 2007) (Feikens, J.).

Chertoff, 417 F. Supp.2d 679, 683-84 (W.D. Pa. 2005). I find it appropriate to do so here for the same reasons given by several other courts, namely that conducting a naturalization inquiry in this Court is an inefficient use of judicial resources, see Sweilem v. USCIS, No. 05-CV-125, 2005 WL 1123582, at *5 (N.D. Ohio May 10, 2005), and that "generally speaking, a court ... should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."[4] INS v. Ventura, 537 U.S. 12, 16 (2002).

It is within my power to include instructions to CIS on this remand. I hereby instruct CIS to reach a decision on Mr. Gharbieh's application forthwith upon completion of the mandatory background check. I do not impose a time limit upon this process as a condition of this remand; the reason I remand this case instead of deciding it in this Court is to return decision of this application to the hands of the experts, and I do not presume to know how long it takes them to make this decision with which they have been tasked. Thus, I instruct CIS to complete its consideration of this application as quickly as possible without sacrificing the necessary degree of thoroughness.

III.    CONCLUSION

For the aforementioned reasons, I hereby DENY Defendants' motion to dismiss for lack of subject matter jurisdiction and REMAND this proceeding to CIS with instructions to make a final decision on Plaintiff's application forthwith upon receipt of the mandatory background check.

---

[4]The Supreme Court language refers specifically to a court of appeals remanding such a case, but remand from a district court also seems appropriate under this rationale.

**IT IS SO ORDERED.**


Date:  <u>May 30, 2007</u>  <u>s/John Feikens</u>
United States District Judge


<table>
<tr><td>

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on May 30, 2007, by U.S. first class mail or electronic means.

<u>s/Carol Cohron</u>
Case Manager

</td></tr>
</table>